1

2

3

4

5

6

7           UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
                  AT SEATTLE

8  PATRICK C.,

9                      Plaintiff,          CASE NO. C19-6051-MAT

10       v.

                                           ORDER RE: SOCIAL SECURITY
11  ANDREW M. SAUL,                        DISABILITY APPEAL
    Commissioner of Social Security,

12                     Defendant.

13

14      Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of

15  the Social Security Administration (Commissioner).   The Commissioner denied Plaintiff's

16  applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after

17  a hearing before an Administrative Law Judge (ALJ).  Having considered the ALJ's decision, the

18  administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

19                   **FACTS AND PROCEDURAL HISTORY**

20      Plaintiff was born on XXXX, 1958.[1]  He has a high school diploma, and previously worked

21  as a dishwasher, maintenance worker, janitor, greenhouse laborer, and temporary laborer.  (AR

22

23  _____

    [1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

375, 400.)

Plaintiff applied for DIB and SSI in November 2016, alleging disability as of December 31, 2010.[2] (AR 159-64.)  Those applications were denied and Plaintiff timely requested a hearing. (AR 248-54, 260-75.)

On July 2, 2018, ALJ Lawrence Lee held a hearing, taking testimony from Plaintiff and a vocational expert (VE).  (AR 130-85.)  The ALJ issued a decision finding Plaintiff not disabled on October 24, 2018.  (AR 111-24.)  Plaintiff timely appealed.  The Appeals Council denied Plaintiff's request for review on September 20, 2019 (AR 30-36), making the ALJ's decision the final decision of the Commissioner.  Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found Plaintiff had worked since the alleged onset date, but this work did not rise to the level of substantial gainful employment.  (AR 113-14.)  At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found severe Plaintiff's hand osteoarthritis, left hand carpal tunnel syndrome, bilateral hip osteoarthritis, cervical spine degenerative disc disease, and lumbar spine degenerative disc disease.  (AR 114-16.)  Step three asks whether a claimant's impairments meet

---

[2] Plaintiff subsequently amended his alleged onset date to November 30, 2016.  (AR 136.)

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 2

or equal a listed impairment.  The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment.  (AR 116.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work.  The ALJ found Plaintiff capable of performing medium work with additional limitations: he can frequently handle and finger bilaterally.  He can occasionally climb ladders, ropes, or scaffolds.  He can frequently work at unprotected heights.  He can perform work that allows him to change positions every hour from sitting to standing or from standing to sitting, for up to 10 minutes without being off-task.  (AR 116.)  With that assessment, the ALJ found Plaintiff unable to perform past relevant work.  (AR 122-23.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy.  With the assistance of the VE, the ALJ found Plaintiff transitioning to other representative occupations, such as laundry worker II, school childcare attendant, metal cut-off saw tender, and linen room attendant.  (AR 123-24.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 3

decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in discounting the opinion of his treating nurse Megan Colburn, ARNP. Plaintiff also alleges that his case should be remanded because the ALJ had not been properly appointed under the Appointments Clause of the United States Constitution at the time of the hearing. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed, and that Plaintiff forfeited his Appointments Clause challenge by not raising it during the administrative proceedings.

<u>Ms. Colburn's opinion</u>

Ms. Colburn completed a DSHS form opinion in June 2017 describing Plaintiff's symptoms and limitations caused by pain in his neck, back, hand, rib, and abdomen, indicating that Plaintiff was limited to performing sedentary work and recommending medication for his neuropathy. (AR 569-73.) The ALJ found Ms. Coburn's opinion to be inconsistent with Plaintiff's "unremarkable physical examination findings and benign treatment history." (AR 121.) The ALJ also found Ms. Coburn's opinion to be inconsistent with Plaintiff's refusal to take any pain medication, as well as Plaintiff's reported ability to complete his activities of daily living, mow most of his large property, and refurbish cars and boats. (AR 121-22.) An ALJ's reasons to discount a nurse's opinion must be germane. *See Turner v. Comm'r of Social Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010).

Plaintiff first argues that the ALJ's reasons are not germane. First, Plaintiff questions the ALJ's characterization of Plaintiff's treatment record as "benign," pointing to findings postdating Ms. Coburn's opinion wherein another nurse referred Plaintiff to physical therapy for his osteoarthritis, recommended the use of a rib belt for rib sprain, and referred Plaintiff to a hand

surgeon for carpal tunnel release surgery on the left.  Dkt. 12 at 11 (citing AR 701).  The treatment record contains notes from some physical therapy appointments (AR 717-44), but no evidence of carpal tunnel release surgery.  At the administrative hearing, Plaintiff testified that he did not want to have carpal tunnel surgery unless it was "absolute[ly] necessary[,]" to explain why he had not followed the surgery recommendation. (AR 163, 167.)  He also explained that physical therapy was helpful, but it revealed a persistent rib problem that was painful to address.  (AR 164-65.)

The ALJ's decision cites many normal or "benign" findings relating to Plaintiff's normal gait and range of motion; full strength, sensation and reflexes in arms and legs; negative straight leg raise tests; and intact dexterity and grip strength bilaterally.  (AR 119.)  The ALJ also noted that Plaintiff did not use pain medication (*id.*), even though Ms. Colburn recommended it in her opinion (AR 571).  That Plaintiff was also referred to physical therapy and a hand surgeon does not undermine the ALJ's finding that the Plaintiff's treatment received was minimal and conservative, and this finding is a valid reason to discount Ms. Colburn's opinion.  *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (upholding rejection of treating physician's opinion based on discrepancy between the opinion and the physician's description of the claimant and prescription of a conservative course of treatment).

Furthermore, the ALJ cited activities that he reasonably found to be inconsistent with the limitations described by Ms. Colburn: she opined that Plaintiff was able to lift 10 pounds maximum and frequently lift or carry light articles, and could walk/stand only for brief periods (AR 571), but Plaintiff reported an ability to mow his lawn (a task which he described as taking multiple hours), gather firewood in a wheelbarrow, refurbish boats and cars, shop for groceries, wash his dishes, and manage laundry (AR 150-60).  Although Plaintiff argues that his activities do not show he can perform medium-level work (Dkt. 12 at 13-14), that is not the purpose for which the ALJ cited

them, with respect to Ms. Cloburn's opinion.  The ALJ cited Plaintiff's activities as inconsistent with Ms. Colburn's opinion, and all of these activities can be reasonably found to be inconsistent with the limitations contained within Ms. Coburn's opinion, which is a valid reason to discount the opinion.  *Rollins*, 261 F.3d at 856 (affirming an ALJ's rejection of a treating physician's opinion that was inconsistent with the claimant's level of activity).  That these activties could have been performed in a way that would be consistent with Ms. Colburn's opinion does not establish error in the ALJ's decision.  *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

Because the ALJ provided valid reasons to discount Ms. Colburn's opinion, the Court affirms the ALJ's assessment of that opinion.

<u>Appointments Clause</u>

Article II, Section 2, Clause 2 of the United States Constitution ("the Appointments Clause") requires that inferior officers be appointed by the president, a court of law, or a head of a department.  On June 21, 2018, the United States Supreme Court held that Securities and Exchange Commission (SEC) ALJs are inferior officers subject to the Appointments Clause, and that a timely objection to the invalid appointment of an SEC ALJ must be remedied by a new hearing before a properly appointed ALJ.  *Lucia v. S.E.C.*, __ U.S. ___, 138 S.Ct. 2044, 2055 (2018) ("'[O]ne who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief." (quoting *Ryder v. United States*, 515 U.S. 177, 182-83 (1995))).

In response to *Lucia*, the Commissioner ratified the appointments of Social Security ALJs on July 16, 2018.  *See* Social Security Ruling (SSR) 19-1p, 2019 WL 1324866, at *2 (Mar. 15,

2019).  The Commissioner also issued guidance instructing the Appeals Council to grant requests for review of decisions predating July 16, 2018, to any claimant who raised an Appointments Clause challenge either to the Appeals Council or to the ALJ.  SSR 19-1p, 2019 WL 1324866.

In this case, the ALJ's decision was issued on October 1, 2018, after the ALJ's appointment had been ratified, but his appointment had not yet been ratified at the time of the hearing on July 2, 2018.  Plaintiff contends that "any decision based on a hearing held by an unauthorized person would be defective[,]" even though the ALJ had been constitutionally appointed by the time of the decision.  Dkt. 12 at 5.  Plaintiff also argues that he did not forfeit his Appointments Clause challenge by not raising it during the administrative proceedings.  Dkt. 12 at 5-10.  Thus, Plaintiff's Appointments Clause challenge has two parts: (1) whether a constitutional deficiency in an ALJ's appointment at the time of the hearing (which is corrected by the time the decision is entered) can give rise to an Appointments Clause challenge; and (2) whether Plaintiff forfeited his Appointments Clause challenge by not raising it during the administrative proceedings.

As to the first question, Plaintiff does not cite any authority supporting his assertion that "any decision based on a hearing held by an unauthorized person would be defective."  Dkt. 12 at 5.  The Court is, however, aware of two cases from outside the Ninth Circuit consistent with that conclusion.  *See Schaffer v. Saul,* 2020 WL 2526938 (W.D. Penn. May 18, 2020); *Morris W. v. Saul*, 2020 WL 2316598 at *3 (N.D. Ind. May 11, 2020) ("Because the ALJ who oversaw Plaintiff's hearing was not appointed pursuant to [the Appointments] clause (and even though the ALJ was so appointed before the ALJ's decision was issued on August 14, 2018), remand is required, and the prescribed remedy is a new hearing before a different ALJ.").  District courts within the Ninth Circuit that have considered similar timelines, wherein ratification of the ALJ's appointment occurred between the time of the hearing and the entry of the decision, have focused

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 7

on the untimeliness issue (as opposed to the effect of the ratification) in rejecting Appointments Clause challenges.  *See Ahmed Dawood Ahmed E.S. v. Saul*, 2020 WL 2793678, at *3 n.4 (C.D. Cal. May 29, 2020); *Roland P. v. Saul*, 2020 WL 2556349, at *3 n.3 (C.D. Cal. May 20, 2020).

The Court is not persuaded by Plaintiff's broad assertion that a hearing held by an unauthorized ALJ would infect a subsequent decision signed after the ALJ's appointment had been ratified.  *Lucia* holds that the plaintiff was entitled to relief because he made a timely challenge to the constitutional validity of the appointment of an officer who "*adjudicates* his case" (138 S.Ct. at 2055 (quoting *Ryder*, 515 U.S. at 182-83 (emphasis added)), but presiding over the hearing does not constitute adjudicating a Social Security claimant's case.  The non-adversarial hearings held in Social Security cases permit a claimant to provide testimony, and that testimony is considered by the ALJ along with other evidence in the record in rendering a decision, but the adjudication of Plaintiff's case does not occur during the hearing: instead, it culminates in the ALJ's written decision.  *See, e.g.*, Hearings, Appeals and Litigation Law Manual I-2-8-5, *available at* https://www.ssa.gov/OP_Home/hallex/I-02/I-2-8-5.html (last visited June 2, 2020) (holding that an ALJ's decision is not final until the ALJ signs the decision).  Furthermore, as noted above, SSR 19-1p creates a procedure applicable to *decisions* issued before July 16, 2018 (the date on which the Commissioner ratified the appointments of the ALJs) — as opposed to hearings held before that date —which suggests that it is the ALJ's status on the date of the decision that is relevant for purposes of the Appointments Clause.[3]  2019 WL 1324866 at *3.

---

[3] Admittedly, SSR 19-1p also refers to an ALJ's authority to "hear and decide" a claim, and characterizes Appointments Clause challenges as questioning whether "the ALJ who presided over the claimant's hearing was properly appointed[.]"  2019 WL 1324866, at *3.  But because the procedure set out by SSR 19-1p clearly references only the date of the ALJ's decision as relevant for purposes of evaluating the timeliness of a claimant's Appointments Clause challenge, the Court focuses on that portion of the ruling.  The Court is aware that SSRs do not have the force of law, but courts nonetheless defer to SSRs unless they are plainly erroneous or inconsistent with the Social Security Act or regulations; the

1    Because the ALJ's decision represents the adjudication of Plaintiff's case, and the ALJ's

2    appointment had been ratified at the time the decision was entered, the Court finds that Plaintiff

3    has failed to a raise a valid Appointments Clause challenge to the adjudication of his case.

4    Accordingly, the Court need not address whether Plaintiff's challenge was timely raised.

## **CONCLUSION**

6    For the reasons set forth above, this matter is AFFIRMED.

7    DATED this 4th day of June, 2020.

Mary Alice Theiler
United States Magistrate Judge

---

confusing language used in this SSR does not rise to that level.  *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 9